IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HISHAMU CURRY,<br><br>    *Petitioner,*<br><br>v.<br><br>KATHY BRITTAIN, *et. al.*,<br><br>    *Respondents.* | CIVIL ACTION<br>NO. 17-04842 |

## ORDER

**AND NOW**, this 29th day of October, 2018, upon consideration of the Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* filed by *pro se* petitioner Hishamu Curry, the record in this case, the Report and Recommendation of Magistrate Judge Timothy Rice to deny Curry's *Habeas Corpus* Petition, (ECF No. 14), Curry's Objections to the Report & Recommendation, (ECF No. 16) and Curry's Supplemental Objections, (ECF No. 17), it is **ORDERED** that:

    1. The Report and Recommendation of United States Magistrate Judge Rice, (ECF No. 14), is **APPROVED** and **ADOPTED**;

    2. Curry's Objections to Judge Rice's Report & Recommendation are **OVERRULED**;[1]

    3. Curry's Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* is **DENIED** with prejudice;

---

[1] The Court conducts a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In conducting the *de novo* review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In his objections, Curry repeats the same arguments made in support of his Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus*. The Court agrees with Judge Rice's findings for the reasons stated in the Report and Recommendation which this Court has approved and adopted.

4. Curry's request for appointment of counsel and an evidentiary hearing are **DENIED**;[2]

5. The Clerk of Court shall mark this case **CLOSED**.

6. A certificate of appealability will not issue because reasonable jurists would not debate (a) this Court's decision that the petition does not state a valid claim of the denial of a constitutional right and (b) the propriety of this Court's procedural ruling with respect to Curry's claim. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2] The Court agrees with Judge Rice's finding that Curry is not entitled to counsel or a hearing. Curry has no constitutional right to counsel in federal habeas proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), but a federal court may appoint counsel for a financially eligible petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where a *pro se* petitioner in a *habeas corpus* case "makes a colorable claim, but lacks the means to adequately investigate, prepare or present the claim, counsel may be appointed." *Woods v. Gilmore*, No. CV 16-6365, 2017 WL 2720226, at *2 (E.D. Pa. June 23, 2017). Here, Curry has not raised a colorable claim, as the petition is "noncognizable, procedurally defaulted or meritless." (R.&R. 1.)

Moreover, federal courts in habeas cases have discretion to grant a hearing only where a petitioner provides new evidence or otherwise explains how his claim would be advanced by an evidentiary hearing. *See Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000). Where courts have such discretion, courts look to whether a "new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Id.* Curry has failed to show how a hearing would meaningfully advance his claim.